IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| URSULA COLLIER | PLAINTIFF |
| v. | Cause No. 1:20-CV-61-LG-RPM |
| SMITH, ROUCHON & ASSOCIATES, INC. | DEFENDANT |

*consolidated with*

| | |
|---|---|
| KERLISA PARKER | PLAINTIFF |
| v. | Cause No. 3:20-CV-405-LG-RPM |
| SMITH, ROUCHON & ASSOCIATES, INC. | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are the [21] Motion to Dismiss or for Summary Judgment as to Plaintiff Ursula Collier and the [23] Motion to Dismiss or for Summary Judgment as to Plaintiff Kerlisa Parker, both filed by Smith, Rouchon & Associates, Inc. ("SRA"), the Defendant in these consolidated cases. Defendant also filed other related [34] [40] [43] Motions. After due consideration of the record, the parties' submissions, and the relevant law, the Court finds that Defendant's Motions [21] and [23] should be considered as Motions for summary judgment and granted for lack of Article III standing. In addition, the remaining Motions [34] [40] [43] are denied as moot.

1

**BACKGROUND**

In these consolidated lawsuits based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Plaintiffs Ursula Collier and Kerlisa Parker each allege that Defendant failed to flag a debt as disputed on their credit reports. (*See generally* Collier Compl., ECF No. 1; Parker Compl., ECF No. 1, 3:20-cv-405).

Plaintiff Collier's action was filed on February 18, 2020, alleging that the sole Defendant, SRA, has attempted to collect thirteen "consumer-type debts" allegedly owed to various healthcare providers. (Collier Compl. ¶ 6(a)-(m), ECF No. 1). Plaintiff Parker's action was filed on February 28, 2020, similarly alleging that SRA has attempted to collect a medical debt in the amount of $72.00 owed to Lakeland Radiologist PA. (Parker Compl. ¶ 6, ECF No. 1, Civ. No. 3:20-cv-405). Plaintiffs claim that, although they sent dispute letters to Defendant, it failed to flag their debts as disputed when reporting them. (Collier Compl. ¶¶ 8-12, ECF No. 1; Parker Compl. ¶¶ 9-14, ECF No. 1, 3:20-cv-405). They allege that Defendant's omissions violated 15 U.S.C. § 1692e(8), causing damages. (Collier Compl. ¶¶ 15-20, ECF No. 1; Parker Compl. ¶¶ 15-20, ECF No. 1, 3:20-cv-405).

The Court consolidated the two cases in an [20] Order and designated *Collier v. Smith, Rouchon & Associates, Inc.*, 1:20-cv-61-LG-RPM as the lead case such that "[a]ll subsequent pleadings relating to these causes of action should be filed in the lead case only." (Order, 5, ECF No. 20). Thereafter, Defendant filed Motions to Dismiss or Alternatively for Summary Judgment against both Plaintiffs.

The [21] Collier Motion is based on various legal arguments relating to provisions of the FDCPA, Fair Credit Reporting Act ("FCRA"), and Credit Repair Organizations Act ("CROA"). Defendant also challenges Plaintiff Collier's standing to sue under Article III of the United States Constitution. The Motion is fully briefed. Later, Defendant filed a [40] Motion for Leave to File a Supplemental Memorandum in Support of the Motion, stating that counsel "inadvertently overlooked" additional grounds for dismissal. Plaintiff Collier responded, and Defendant filed a [43] Motion to Strike Plaintiff's Response.

The [23] Parker Motion argues that Plaintiff Parker has defaulted on certain discovery requests and made certain "deemed admissions" under Rule 36. Plaintiff Parker filed a [28] Response in the lead case, but she mistakenly filed a "Motion to Withdraw Deemed Admissions" in the member case, *Parker v. Smith, Rouchon & Associates, Inc.*, 3:20-cv-405-LG-RPM. Defendant responded to the misfiled Motion and filed a [34] Motion seeking leave to file its rebuttal in support of its original [23] Motion until after the Court ruled on the Motion to Withdraw. Thereafter, the Court issued a [45] Notice that it would consider the Motion to Withdraw if refiled in the lead case, but Plaintiff never refiled the Motion.

DISCUSSION

I.    **Motion for Summary Judgment Standard**

Defendant's [21] [23] Motions against Plaintiffs request dismissal pursuant to Rule 12(b)(6) or, alternatively, an entry of summary judgment under Rule 56. However, because Defendant relies in large part on exterior evidence, including two

Declarations made by its Chief Financial Officer, Samantha Oberhausen, (*see* Decl. Under Penalty of Perjury, ECF No. 21-2; Decl. Under Penalty of Perjury, ECF No. 23-2), the Court finds that it should properly characterize the [21] [23] Motions as Motions for Summary Judgment.[1]

Under Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671

---

[1] Where defendants "submit[] matters outside the pleadings with their motion to dismiss or in the alternative for summary judgment, the district court properly characterize[s] that motion as a motion for summary judgment." *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).

F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

## II. Plaintiffs' Article III Standing

Defendant has challenged the Article III standing of Plaintiffs Collier and Parker. "At the summary judgment stage, 'the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts' validating his right to standing." *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332-33 (5th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Because the Court's jurisdiction is limited by Article III to "cases or controversies," a plaintiff must demonstrate that she has standing to sue in federal court. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1546-47 (2016). "For a plaintiff to have standing, she 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)). The first element requires an injury-in-fact which is "both 'concrete and particularized.'" *Spokeo*, 136 S.Ct. at 1545. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.*

at 1548.  "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* The injury must be "'real,' and not 'abstract.'" *Id.*

The *Spokeo* case involved allegations that a website violated the Fair Credit Reporting Act (FCRA) by misstating the plaintiff's marital status, age, education, income and so forth. *Id.* at 1545. The Supreme Court found occasion to discuss the relationship between statutory rights and injuries-in-fact, stating:

> Congress's role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.* at 1549 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.")). Hence, the plaintiff could not "satisfy the demands of Article III by alleging a bare procedural violation." *Id.* at 1550. The remainder of the paragraph is instructive and analogous to the facts of this case:

> A violation of one of the FCRA's procedural requirements may result in no harm. For example, *even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate*. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Id.* (emphasis added).

Significantly, the Fifth Circuit has considered before whether a plaintiff has Article III standing in a debt collector's alleged breach of § 1692e(8), the FDCPA provision at issue here. *Id.* The Court quoted *Spokeo*'s statement that "'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.'" *Id.* (quoting *Spokeo*, 136 S.Ct. at 1548). Accordingly, the Court held that the alleged § 1692e(8) "violation exposed [the plaintiff] to a real risk of financial harm caused by an *inaccurate* credit rating." *Id.* (emphasis added). As such, the lower court "did not err when it determined that [his] injury was concrete and that he satisfied all elements of standing." *Id.* It is worth noting that the Fifth Circuit connected the injury-in-fact to the inaccurate or contested nature of her credit rating. *See Sayles*, 865 F.3d at 248 (citing *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F.Supp.3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in *Spokeo*, an inaccurate credit rating creates a substantial risk of harm.")).

In the wake of *Sayles*, several federal district courts have found that similar FDCPA violations cause the plaintiff an injury-in-fact for purposes of Article III standing. *See Busby v. Vacation Resorts Int'l*, Civ. No. H-18-4570, 2019 WL 669641, at *5 (S.D. Tex. Feb. 19, 2019) ("Most district courts in the Fifth Circuit have denied motions to dismiss based on insufficient allegations of injury in FDCPA cases."). However, a plaintiff's standing to sue under § 1692e(8) is often tethered to the uncertainty or inaccuracy of the reported debts. *See, e.g., Jones v. Portfolio Recovery Assocs., LLC*, Civ. No. H-18-4570, 2017 WL 7052288, at *2 (W.D. Tex. Aug. 16,

7

2017) (finding that an alleged § 1692e(8) violation created a "risk of real harm caused by an inaccurate credit rating" which satisfies Article III standing); *Tejero v. Portfolio Recovery Assocs., LLC*, No. A-16-CA-767-SS, 2017 WL 3217101, at *3-4 (W.D. Tex. July 27, 2017) (holding that "the alleged failure to mark the Debt as disputed exposed Plaintiff to a real risk of harm," satisfying Article III standing); *Palmer v. Online Info. Servs., Inc.*, No. 6:19CV352-JCB-JDL, 2020 WL 7658063, at *5 (E.D. Tex. Nov. 9, 2020) (citing these and other cases to the effect "that an inaccurate credit report can constitute a 'real risk of harm'" which satisfies Article III standing where the plaintiff alleged a § 1692e(8) violation).

By contrast, the Southern District of Texas recently found that a plaintiff lacks standing to sue for a procedural violation of her FDCPA dispute rights where "the debt at issue is valid." *Salermo v. Hughes Watters & Askanase LLP*, --- F.Supp.3d ---, No. 4:19CV02791, 2020 WL 293311, at *7-8 (S.D. Tex. Jan. 28, 2021). The debtor primarily invoked her rights under § 1692g, arguing that the debt collector's letter "failed to clarify that, absent objection, the debt would be assumed valid only by the debt collector," causing her to be misled "that it would be assumed valid by everyone." *Id.* But "a putative violation of those statutory rights is inconsequential if the debt at issue is valid." *Id.* at *8. "An injury is simply abstract—not concrete—under § 1692g(a)(3) where the plaintiff hasn't alleged that she 'ever intended' or 'harbored any potential basis' to dispute the asserted debt." *Id.* Where the plaintiff invoked her rights under § 1692e, "the alleged harm is still nonexistent, for the same reason—the validity of the debt isn't actually in dispute."

8

*Id.* The court concluded that the plaintiff had "'allege[d] a bare procedural violation, divorced from any concrete harm.'" *Id.* (quoting *Spokeo*, 136 S.Ct. at 1549-50).[2]

As to Plaintiff Ursula Collier, Defendant submits a Declaration of its Chief Financial Officer Samantha Oberhausen that "[e]very one of [the disputed debts] is legitimately owed to the creditors listed on Exhibit B-1." (Decl. Under Penalty of Perjury, ¶ 5, ECF No. 21-2). Similarly, as to Plaintiff Kerlisa Parker, Defendant submits a comparable [23-2] Declaration of Samantha Oberhausen that Plaintiff Parker's debt, alleged to be $72.00, is actually in the amount of $71.74 and is a legitimate, valid debt incurred by Plaintiff Parker. (Decl. Under Penalty of Perjury, ¶ 7, ECF No. 23-2).[3]

---

[2] Similar results can be found in other cases. *See, e.g., Abercrombie v. Rogers, Carter, & Payne, LLC*, Civ. No. 15-2214, 2016 WL 8201965, at *4-6 (W.D. La. Nov. 22, 2016) (finding that a plaintiff's injury from a debt collector's violation of § 1692g(a)(3) was "merely conceptual or theoretical" where the plaintiff "[did] not contest the validity of the debt or the amount listed on the letter," and "he never intended to validate his debt, or harbored any potential basis to dispute it"; but the result would be different had the debt collector's violations "materially threatened his ability to contest an invalid or erroneous debt"); *but see Busby*, 2019 WL 669641, at *6 (finding an injury sufficient to confer standing where it merely "misled him about who was involved in collecting and validating his debt" despite having alleged "no facts that could show financial, emotional, and reputational harm," because "the FDCPA is meant to protect consumers against misleading debt-collection communications").

[3] Defendant's [23] Motion against Plaintiff Parker also argues that she has defaulted on certain requests for admission, including admissions "that Plaintiff has not suffered actual damages as a result of the Defendant's conduct complained of in your Complaint, as amended . . ." (Req. Admission, ¶ 2, ECF No. 23-3). Defendant argues that Plaintiff has thereby admitted these facts under Rule 36(a)(3). But the Court need not consider this evidence or dispose of Plaintiff Parker's "Motion to Withdraw Deemed Admissions," which was misfiled in the member case, *Parker v. Smith, Rouchon, & Associates, Inc.*, 3:20-cv-405-LG-RPM. Plaintiff Parker has

9

Plaintiffs do not subvert or contradict these Declarations with any summary judgment evidence. As such, there is no genuine issue of material fact that the debts are valid, legitimate obligations of Plaintiffs. While each Plaintiff insists in her respective Complaints that she "disputes the alleged debts," (Collier Compl. ¶ 7, ECF No. 1; Parker Compl. ¶ 7, ECF No. 1, 3:20-cv-405), neither Plaintiff articulates that the debts are invalid or how their credit ratings are otherwise inaccurate.

Although Plaintiffs maintain statutory rights to dispute the debts under § 1692e(8), Defendant's failure to flag the debts as disputed cannot cause a true injury where Plaintiffs have offered no summary judgment evidence that the debts were invalid, such that the resulting credit reports are inaccurate. *See Spokeo*, 136 S.Ct. at 1549. The Court must conclude that there is no genuine issue of material fact that Plaintiffs' alleged injuries are purely conceptual and fail to confer Article III standing.

It is true that the FDCPA "makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid." *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). But although a debt's validity "doesn't erect an absolute *substantive* bar to liability under any and all provisions of the FDCPA," still, a debt's validity "here negates standing by eliminating the concreteness of the alleged injury as to this particular statutory right." *Salermo*, 2021 WL 293311, at *7 (emphasis in original). The Court must

---

offered no summary judgment evidence to controvert the validity of her debt; as such, it is unnecessary to explore the issue of her deemed admissions.

therefore find that Plaintiffs Ursula Collier and Kerlisa Parker lack standing to bring this action under § 1692e(8) of the FDCPA.

### III. Request for Further Discovery

The Court notes that discovery has not begun in Plaintiff Collier's case. Invoking Rule 56(d), Plaintiff Collier "request[s] that Defendants' Motions for Summary Judgment be continued, or alternatively denied, pending further discovery." (Mem. Supp. Pl.'s Resp. Def.'s Dismiss or Summ. J., 6, ECF No. 29). This Rule provides that, where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Court finds that further discovery is unnecessary. Where "the factual issue that was the basis for the summary judgment . . . is one for which any helpful evidence should have been in Plaintiffs' possession," the Court does "not abuse its discretion in granting summary judgment without allowing additional discovery." *Bishop v. City of Galveston*, 595 F. App'x 372, 377-78 (5th Cir. 2014) (citing *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (explaining that a litigant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts")). The factual issue at the heart of the Court's decision is the validity of Plaintiffs' debts. Plaintiffs have not even articulated how the debts are invalid, their disputes notwithstanding.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [21] Motion to Dismiss or for Summary Judgment as to Plaintiff Ursula Collier filed by Defendant Smith, Rouchon & Associates, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [23] Motion to Dismiss or for Summary Judgment as to Plaintiff Kerlisa Parker filed by Defendant Smith, Rouchon & Associates, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [34] Motion to Extend Deadline for Rebuttal in Support of SRA's Motion to Dismiss or for Summary Judgment filed by Defendant Smith, Rouchon & Associates, Inc. is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [40] Motion for Leave to File Supplemental Memorandum filed by Defendant Smith, Rouchon & Associates, Inc. is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [43] Motion to Strike Plaintiff's Response to Motion for Leave to File Supplemental Memorandum filed by Defendant Smith, Rouchon & Associates, Inc. is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 14th day of March, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE